IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| COREY BROOKS | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:09cv528 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Corey Brooks, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Brooks complains of a disciplinary case which he received for possession of contraband, for which he was sentenced to 45 days of cell and commissary restriction, 15 days of solitary confinement, reduction in classification status, and the loss of 730 days of good time credits. He asserts in his petition that there was insufficient evidence to support the finding of guilt. The Respondent has answered the petition and asserts that Brooks is ineligible for release on mandatory supervision and thus has failed to show that the punishments that were imposed deprived him of a constitutionally protected liberty interest.

After review of the pleadings, the Magistrate Judge issued a Report on June 27, 2010, recommending that the petition be dismissed. The Magistrate Judge concluded that, under Sandin v. Conner 115 S.Ct. 2293, 2300 (1995), Brooks had not shown the deprivation of a constitutionally

1

protected liberty interest, and thus had failed to present a basis for habeas corpus relief. Brooks filed objections to the Magistrate Judge's Report on July 19, 2010.

In his objections, Brooks says that the "basic rudiments of justice" require an "accounting" as to how he could be guilty of the charges. He argues that the finding of guilt in his case violated TDCJ rules and says that he was not found in possession of the contraband, nor did anyone see him with it. He says that he is not "ineligible for good time," but that he has been receiving it, and argues that he is entitled to procedural due process protections if there is a possibility for the loss of good time, whether or not any good time was actually lost.

The issue is not whether Brooks was "eligible for good time," but whether he is eligible for release on mandatory supervision. As the Magistrate Judge concluded, Brooks is not eligible for mandatory supervision and so none of the punishments imposed upon him implicate a constitutionally protected liberty interest. Because Brooks is ineligible for mandatory supervision, the good time which he earns could accelerate his eligibility for release on parole, but he does not have a protected liberty interest in release on parole. Because none of the punishments imposed upon Brooks implicated a constitutionally protected liberty interest, the Magistrate Judge correctly determined that Brooks had failed to set out a claim for habeas corpus relief. Brooks' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Corey Brooks is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 4th day of August, 2010.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE